[L. A. No. 3219.   Department One.—December 10, 1913.]

W. H. A. SHERMAN, Respondent, v. STANDARD MINES COMPANY (a Corporation), et al., Defendants; G. H. LEWIS, Appellant.

Appeal—Order Refusing to Vacate Default—Want of Judgment—Nonappealable Order.—An order refusing to vacate a default upon which no judgment has been given is not appealable under section 963 of the Code of Civil Procedure, and an attempted appeal therefrom does not give the appellate court jurisdiction or authority to review it.

APPEAL from an order of the Superior Court of Los Angeles County refusing to vacate a default.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Will H. Holcomb, and Chester C. Kempley, for Appellant.

Stutsman & Stutsman, for Respondent.

SHAW, J.—In the lower court the defendant Lewis moved the court for an order setting aside and vacating a default thereinbefore entered against him by the clerk because of his failure to answer the complaint within the time allowed by a special order of the court.   Upon the hearing this motion was denied.   No further proceedings have been taken in the case against Lewis.   No judgment has been given as to him.   Thereupon he filed a notice, stating therein that he "hereby appeals to the supreme court" from the order denying his motion to vacate said default.   Upon this notice, treating it as an appeal, he has filed in this court a printed tran-

script of the complaint in the action and a bill of exceptions containing his notice of motion, the affidavits filed in support thereof, and a recital that the motion was denied.

The plaintiff makes the objection that the order denying the motion to vacate the default is not appealable. The objection is well taken. (*Rauer's etc. Co.* v. *Standley,* 3 Cal. App. 44, [84 Pac. 214].) Section 963 of the Code of Civil Procedure enumerates the orders and decisions of the superior court from which an appeal will lie and an order of this character is not among those mentioned. It is proper to say that the complaint shows that the action was begun against a large number of persons and that so far as appears it is still pending in the lower court for further proceedings and has not yet reached final judgment. An attempt to appeal from a nonappealable order does not give this court jurisdiction or authority to review it.

It is ordered that the proceedings in this court be dismissed.

Angellotti, J., and Sloss, J., concurred.