[Civ. No. 2784.   Second Appellate District, Division One.—January 28, 1919.]

PIONEER TRUCK COMPANY (a Corporation), Respondent, v. H. W. HAWLEY et al., Appellants.

APPEAL—ALTERNATIVE METHOD—SERVICE OF NOTICE—UNDERTAKING.— Under the alternative method of taking an appeal provided by sections 941a, 941b, and 941c, of the Code of Civil Procedure, it is sufficient to file the notice of appeal without serving it upon the respondent or his attorney and without filing any undertaking on appeal.

ID.—UNDERTAKING TO STAY PROCEEDINGS.—It is only for the purpose of obtaining a stay of proceedings that an appellant must file an

undertaking, which is to be done in accordance with those sections of the code which provide for stay bonds.

Id.—Record — Request for Transcript of Testimony.—The provisions of section 953a of the Code of Civil Procedure making it the duty of the appellant to file with the clerk a request for a "transcript of the testimony," when he desires to obtain such testimony, do not apply to the matter of obtaining a copy of the notice of appeal and of the judgment-roll.

Id.—Motion to Dismiss—Filing of Clerk's Typewritten Transcript. Under Rule V of the supreme court the fact that before respondent gave notice of motion to dismiss an appeal, the appellant filed in the appellate court a typewritten clerk's transcript, is a sufficient answer to a motion to dismiss.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge. Denied.

The facts are stated in the opinion of the court.

Jensen & Jensen for Appellants.

Warren E. Libby for Respondent.

CONREY, P. J.—The first ground of the motion is that the notice of appeal was not served upon respondent's attorney, and that no undertaking on appeal was filed within five days from the filing of the notice of appeal. The motion cannot be sustained upon the ground stated. Under the alternative method of taking an appeal, provided by sections 941a, 941b and 941c of the Code of Civil Procedure, it was sufficient to file the notice of appeal, without serving it upon the respondent or his attorney, and without filing any undertaking on appeal. It is only for the purpose of obtaining a stay of proceedings that an appellant must file an undertaking, which is to be done in accordance with those sections of the code which provide for stay bonds. (*Chung Sing* v. *Southern Pac. Co.*, 178 Cal. 261, [172 Pac. 1103]; *Lang* v. *Lilley and Thurston Co.*, 161 Cal. 295, [119 Pac. 100].)

The second ground of the motion is that no request for a *clerk's* transcript, or notice or demand for such transcript, was filed with the clerk of the lower court within ten days after the service, on appellant's attorneys, of notice of entry of judgment, no proceeding on motion for new trial being

pending.   Counsel makes this contention on the theory that the provisions of section 953a of the Code of Civil Procedure (referring to appellant's duty to file with the clerk a request for "a transcript of the testimony," etc., when he desires to obtain such transcript), apply to the matter of obtaining a copy of the notice of appeal and of the judgment-roll. But that theory is unsound.   The fact that, before respondent gave notice of motion to dismiss, appellant had filed in this court a typewritten clerk's transcript, duly certified, and containing the notice of appeal and the judgment-roll, is a sufficient answer to this part of the motion.   (Rule V, [176 Pac. ix].)   The typewritten transcript is sufficient.   (*Beckett v. Stuart,* 35 Cal. App. 796, [171 Pac. 107].)   By this we are not to be understood as declaring that appellant need not print in his brief, or a supplement thereto, such portions of the record as he desires to call to the attention of the court. (Code Civ. Proc., sec. 953c.)

The motion is denied.

James, J., and Myers, J., *pro tem.,* concurred.