[Sac. No. 2839. In Bank.—March 12, 1920.]

W. H. HARRELSON, Plaintiff and Appellant, v. MILLER & LUX INCORPORATED (a Corporation), Defendant and Appellant.

[1] LANDLORD AND TENANT—AGREEMENT CONCERNING FARMING LANDS—CONSTRUCTION OF INSTRUMENT.—In determining whether a written instrument concerning the letting of farming land was a mere cropping agreement or a lease, the characterization of the instrument as a lease, while not controlling, was some evidence that it was intended to so operate, and when taken in connection with the fact that it repeatedly treated possession as transferred, reserved right of re-entry to the owner for certain limited purposes only, required the lessee to keep the premises in repair, created a definite term of years, and provided for delivery to the lessor of his share of the crops off the premises, there was indicated an intention to execute a lease.

[2] ID.—TENANT FOR YEARS—RIGHTS TO PROPERTY—CONSTRUCTION OF CODE.—A tenant for years under section 820 of the Civil Code is entitled to the rights accorded such a tenant under section 819, unless their exercise is forbidden by the lease itself, but so far as additional privileges are concerned, his rights are measured by the terms of the instrument itself.

[3] ID.—RIGHT TO PASTURE STRAW AND STUBBLE ON DEMISED GRAIN LANDS—EXPRESS AUTHORIZATION TO PASTURE CERTAIN LANDS—ABSENCE OF IMPLIED PROHIBITION.—Where a lease dealt with two separate and distinct subjects, first, the letting of the grain land which was included in the demised tract, and second, the letting of the pasture lands which were included in the tract, the fact that it expressly granted the right to pasture the pasture lands cannot be construed as an implied prohibition of the pasturing of the straw and stubble on the grain lands.

[4] ID.—LEAVING OF STRAW AND STUBBLE ON LAND AS FERTILIZER—CUSTOM AND USAGE—ABSENCE OF OBLIGATION.—In the absence of an express provision in the lease that the straw and stubble should be left upon the land as a fertilizer, an obligation on the lessee's part to so use the straw and stubble can be based, if at all, only upon the rules and usages of good husbandry prevailing in the vicinity, and where the pasturing of grain land is a common practice as incidental to farming, no such obligation exists.

[5] ID.—SALE OF STRAW AND STUBBLE—GRANTING OF LICENSE TO PASTURE SHEEP—COVENANT AGAINST SUBLETTING NOT VIOLATED.—The covenant against subletting in a lease of grain lands is not violated by the act of the lessee in giving to the third person to

whom he sold the straw and stubble the right to bring sheep on the land to use it.

[6] ID. — ACTION FOR INJURY TO LAND — RUNNING AND BEDDING OF SHEEP—CROSS-COMPLAINT FOR INJURY AND LOSS OF SHEEP—FAILURE TO FIND ON ISSUE OF DAMAGES ERRONEOUS.—In an action by the owner of demised land to recover damages for injury to his property alleged to have been occasioned by the running and bedding of sheep upon the land by defendant under a license from the lessee, it was error to fail to find upon the issue of special damage set up by cross-complaint of injury to the sheep occasioned by their premature removal from the land and reason of the loss occasioned by the premature dismantling of water-troughs, since such damages were capable of ascertainment by proof to a reasonable certainty.

[7] APPEAL—NOTICE OF—CONSTRUCTION.—Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates, unless it appears that the respondent has been misled by such description.

[8] ID.—SUFFICIENCY OF NOTICE—RULE.—If a notice of appeal from part of a judgment specifies the part appealed from with reasonable certainty, so that respondent is not misled, such notice will suffice even though the terms used in indicating the part of the judgment appealed from are defective.

[9] ID.—APPEAL FROM PART OF JUDGMENT—SUFFICIENCY OF NOTICE.— Where a judgment consists of two parts, namely, first, that plaintiff recover nothing, and, second, that defendant recover a certain amount, a notice of appeal which specifies that the appeal is taken from that part of the final judgment which limits the amount to be recovered by defendant from plaintiff to such amount, is sufficient, and further specifications relating to the part of the judgment which fails to give judgment for the defendant in additional amounts are merely cumulative and may be treated as surplusage.

APPEALS from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Reversed.

The facts are stated in the opinion of the court.

Stephens & Stephens and Power & MacFadzean for Plaintiff and Appellant.

Edward F. Treadwell, Farnsworth & McClure, and Berkeley B. Blake for Defendant and Appellant.

LENNON, J.—Plaintiff was the owner of about 5,880 acres of land in Tulare County. This land was let by

plaintiff to one L. B. Crow in 1910 for a term of three years, which was afterward extended to the first day of October, 1916. In June, 1916, Crow granted to defendant Miller & Lux the right to pasture said land with sheep. For this right Miller & Lux paid to Crow the sum of $3,040. After the sheep were taken on to the land, plaintiff received information of the fact and ordered defendant to remove them, which it did. Plaintiff thereupon instituted this suit to recover damages from defendant for various injuries to his property alleged to have been occasioned by the running and bedding of the sheep upon the land. Defendant filed a cross-complaint, wherein it asserted its right to run and bed the sheep upon plaintiff's land and sought to recover the value of the straw and stubble remaining upon the land at the time of the eviction, together with damages for the injury to its sheep occasioned by their removal and for the loss sustained in dismantling watering-troughs erected by it upon the land. The trial court decided in effect that Crow had a right to grant to defendant the right to pasture its sheep upon the land; that defendant had had the benefit of one-half of the straw and one-half of the stubble upon the land; that the other half of the straw belonged to plaintiff; that defendant was entitled to recover $760 for the other half of the stubble, and that the other injuries alleged by defendant were too remote to justify recovery. Judgment was entered accordingly, and from the judgment so entered both parties have appealed.

Plaintiff contends that Crow had no right to allow defendant to pasture its sheep upon the land, basing this contention primarily upon the assumption that the agreement between plaintiff and Crow amounted to a mere cropping agreement and did not constitute a lease of the premises. We think, however, that the instrument executed by the parties to that agreement is to be construed as a lease. In reaching this conclusion we have not attached controlling importance to the fact that the instrument so characterizes itself. But, considered with the general tenor of the instrument, the fact that the parties called it a lease is some evidence that they intended it to operate as such. While retention of possession by the owner is one indication of a cropping agreement, the so-called lease repeatedly treated possession as transferred to Crow, right of re-entry being

reserved to the owner for certain limited purposes only.
Thus plaintiff reserved to himself the use of a certain room
in the dwelling-house upon the place, the right to enter and
inspect the premises, and also the right to pasture four ani-
mals upon the land.   If the arrangement was intended to
make Crow a mere cropper, there would have been no neces-
sity for the reservation by the plaintiff of such rights, for
under a mere cropping agreement plaintiff would have had
the right at any time to enter and occupy the land subject
only to the rights of Crow with respect to the crops.   It
further appears that Crow was required to keep the prem-
ises in repair at his own expense.   Moreover, a definite
term of three years was created.   Both the term and its
length indicate that this was not a mere cropping agree-
ment.   Finally, delivery to the plaintiff of his share of the
crops was to be made off the premises—strong evidence that
the instrument constituted a lease.   (16 R. C. L. 587.)   **[1]**
These provisions of the agreement, taken together with the
description of the instrument as a lease by the parties them-
selves, indicate, we think, an intention to execute a lease.

Plaintiff next contends that Crow was not entitled to pas-
ture the straw and stubble even if the instrument embody-
ing their agreement did constitute a lease.   This contention
is based upon several grounds.

The first of these grounds is that the right to pasture the
straw and stubble was outside of Crow's rights as measured
by section 820 of the Civil Code.   Conceding in this behalf
that the right in question is given to a tenant for years by
section 819 of the Civil Code, since section 820 provides
that ''A tenant for years or at will has no other rights to
the property than such as are given to him by the agreement
or instrument by which his tenancy is acquired, *or* by the
last section,'' plaintiff argues that wherever express rights
are granted to a tenant by the lease itself he cannot claim
any of the rights accorded by section 819.   This argument is
based upon the use of the word ''or,'' which we have itali-
cized in quoting the code section.   **[2]**   It is evident, how-
ever, from a consideration of sections 819 and 820, taken
together, that it was intended by the legislature that a
tenant for years should be entitled to the rights accorded
by the former section unless their exercise was forbidden by
the lease itself, but that, so far as additional privileges were

concerned, his rights should be measured by the terms of the instrument itself.

It is contended, however, that the lease itself forbids the pasturing of the stubble and straw, for the reason that since express provision is made for pasturing certain of the lands demised, the failure to expressly authorize the pasturing of the stubble and straw must be held to amount to an implied prohibition by an application of the rule of construction, *expressio unius est exclusio alterius.* We have examined the lease which defines the rights of Crow and find that it dealt with two separate and distinct subjects, first, the letting of the grain land which was included in the demised tract, the right to pasture which is involved herein, and, second, the letting of the pasture lands which were included in the tract, the latter demise being for an independent purpose to enable Crow to raise stock on shares and to receive stock on the land to pasture for profit. We thus find two virtually independent agreements included within one lease. [3] Under these circumstances the fact that the lease expressly granted the right to pasture the pasture lands cannot be construed as an implied prohibition of the pasturing of the straw and stubble on the grain lands.

Apparently receding from the position taken in the court below that the lease should be construed as requiring a division of the straw between the lessor and lessee, plaintiff still contends that, if no division was to be made, at all events the straw and stubble should have been left upon the land as a fertilizer. [4] There being no express provision to this effect in the lease, an obligation on Crow's part to so use the straw and stubble can be based, if at all, only upon the rules and usages of good husbandry prevailing in the vicinity. The evidence in the case shows without dispute, however, that pasturing grain land was a common practice as incidental to farming. This evidence, it may be noted, is also fatal to plaintiff's contention that Crow had no right to pasture the grain land, since it was demised solely for the purpose of "farming." The pasturing of grain land being a common practice as incidental to farming, there was no obligation on the part of Crow to leave the straw and stubble upon the land. It follows that if de-

fendant was entitled to recover at all, it was entitled to recover for all of the straw of which it was deprived.

Plaintiff insists, however, that whatever may have been Crow's rights to pasture the grain land himself, the granting of the right to the defendant amounted to a violation of the covenant in the lease against subletting. The contract between Crow and defendant amounted essentially to a sale of the feed coupled with a mere license to come upon the land to use it. If Crow had a right to sell the feed at all he certainly had a right to grant the right to use it on the land, for obviously the stubble at least could not be otherwise utilized. [5] That the granting of such a right is not a violation of a covenant against subletting has been directly held in *Baldwin* v. *Jacobs,* 182 Iowa, 789, [166 N. W. 271, 273]. This view not only accords with the rule that such covenants should be strictly construed but it also accords with a fair and reasonable construction of the covenant as forbidding the letting of the premises to a third person for the purpose of using them as it was provided that the lessee should use them, viz., for the purpose of raising grain and the development of such other interests as are usually incidental to farming.

Although defendant introduced evidence in support of its allegation of damage sustained by reason of injury to the sheep occasioned by their premature removal from the land and by reason of the loss occasioned by the premature dismantling of its watering-troughs, the court failed to find upon these issues. [6] This was error. The special damages so set up by defendant are capable of ascertainment by proof to a reasonable certainty, and so far as damage was suffered at all in the respects named, it was certainly the direct or proximate result of the act of plaintiff in forcing the removal of the sheep before the pasturage contracted for by defendant had been used. Under these circumstances there is no apparent justification for the failure of the trial court to find upon the issues tendered.

Defendant cannot, it is claimed, under its attempted appeal, avail itself of the record furnished in this case on the alternative plan, for the reason that the appeal is taken from that which *does not* appear in the judgment instead of from what *does* appear, and, therefore, is ineffectual in that there is a failure to appeal from any part of the judg-

ment rendered. The notice of appeal specifies that the appeal is "from that part of the final judgment . . . which limits the amount to be recovered by defendant from plaintiff to seven hundred and sixty dollars (760.00), and from that part of said judgment which fails to give judgment in favor of the defendant for the balance of the damage prayed for in the answer and cross-complaint herein, and particularly from the part of the said judgment that fails to give judgment for the value of the straw upon the said property, and for the special damage alleged in the answer and counterclaim herein, and from the whole of the said judgment with the exception of the part thereof which adjudges that plaintiff take nothing by the said action, and that the defendant recover seven hundred and sixty dollars ($760.00) from the plaintiff, together with costs of suit." The point raised is that this notice of appeal does not state that the appeal is "from the judgment, order or decree, or some specific part thereof," within the meaning of section 941b of the Code of Civil Procedure. [7] Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates unless it appears that the respondent has been misled by such misdescription. (*Meley v. Boulon,* 104 Cal. 262, [37 Pac. 931]; *Estate of Stone,* 173 Cal. 675, [161 Pac. 258].) [8] If a notice of appeal from part of a judgment specifies the part appealed from with reasonable certainty, so that respondent is not misled, such notice will suffice even though the terms used in indicating the part of the judgment appealed from are defective. (*Anderson* v. *Phegley,* 54 Or. 102, [102 Pac. 603]; *State* v. *Bleth,* 21 N. D. 27, [127 N. W. 1043].) The judgment in the present case consists of two parts, namely, (1) That plaintiff recover nothing by the action, and (2), that defendant recover $760, together with costs. By the use of the words "that part of the final judgment . . . which limits the amount to be recovered by defendant from plaintiff to $760," the notice indicates with reasonable certainty that part of the judgment which provides that defendant recover $760. The further specifications relating to the part of the judgment which fails to give judgment for the defendant, while they do not relate to a part of the judgment as rendered, are merely cumulative and may be dis-

regarded as surplusage which does no injury. (*Sharon* v. *Sharon,* 68 Cal. 326, [9 Pac. 187].) **[9]** The notice of appeal must therefore be held sufficient.

The judgment is reversed, with costs to defendant, and the cause remanded for a new trial.

Wilbur, J., Lawlor, J., Shaw, J., Angellotti, C. J., Olney, J., and Kerrigan, J., *pro tem.,* concurred.