[L. A. No. 7259. In Bank.—January 12, 1923.]

JOSEPH B. DABNEY, Appellant, v. HENRY WIL-
HELM et al., Respondents.

[1] APPEAL—ORDER SUSTAINING OBJECTION TO TESTIMONY—DISMISSAL.
No appeal lies from an order sustaining an objection to the tak-
ing of any testimony in a cause on the ground that the complaint
does not state a cause of action, since the order is not one men-
tioned among the interlocutory orders which section 963 of the
Code of Civil Procedure makes the subject of appeal, but it
may be reviewed upon appeal from the judgment as an interme-
diate order which necessarily affects the judgment.

APPEAL from an order of the Superior Court of Los
Angeles County sustaining an objection to the taking of
any testimony in an action. John M. York, Judge. Ap-
peal dismissed.

The facts are stated in the opinion of the court.

Robert M. Pease for Appellant.

Claud B. Andrews, Carnahan & Clark and John G. Gill-
ham for Respondents.

WASTE, J.—The plaintiff brought an action seeking to
compel specific performance of an alleged agreement made
by certain of the defendants to enter into an oil lease. A
general demurrer to the amended complaint was overruled,
and the defendants answered. The case came on for trial,
and stipulations as to further amendments to the complaint
and as to certain facts were filed. Defendants thereupon
objected to the taking of any testimony, on the ground
that the amended complaint did not state a cause of ac-
tion, and the court sustained the objection. The plaintiff
is here seeking a reversal of that order. "The appeal, of
course," he says, "is taken on the judgment roll."

[1] An examination of the record brought here in the
transcript discloses that apparently no judgment was ever
entered in the case. We may well assume that to be the
fact, for the clerk's certificate to the purported judgment-
roll makes no mention of such judgment and, according to

the notice, the appeal is taken "from the judgment and order sustaining the objection to the taking of any testimony in said cause, and from the whole thereof," further reference being made to the minute order of the court sustaining the objection to the taking of testimony. No appeal lies from such order. (Code Civ. Proc., sec. 963.) It is not one mentioned among the interlocutory orders which the statute makes the subject of appeal. It may be reviewed upon appeal from the judgment as an intermediate order which necessarily affects the judgment. (*Clifford* v. *Allman*, 84 Cal. 528, 533 [24 Pac. 292]; *Swain* v. *Burnette*, 76 Cal. 299, 302 [18 Pac. 394].)

The appeal is dismissed.

Wilbur, J., Lawlor, J., Seawell, J., Shaw, C. J., and Kerrigan, J., concurred.