[L. A. No. 13402. In Bank.—April 21, 1932.]

In the Matter of the Estate of LILLIAN C. SMEAD. CHESTER R. SMEAD, Appellant, v. DELLA V. COATES et al., Respondents.

Richard Hartley and Freston & Files for Appellant.

M. C. Spicer for Respondents.

WASTE, C. J.—Motion to dismiss. Appellant, as executor of his deceased wife's will, filed his first and final account and petition for discharge, in which he alleged that after diligent search and inquiry he had failed to uncover any assets belonging to the estate. The respondents, as legatees under the will, filed their exceptions thereto and a petition for the removal of appellant as executor. By an order bearing date October 7, 1931, the court below directed the appellant to account to the estate for the proceeds derived from the sale of two parcels of real property; denied the petition for approval of the account and discharge of the executor; and directed that appellant continue as executor. The executor appealed.

Contending that the executor has appealed only from that portion of the order which directs him to account for the moneys of the estate, respondents move to dismiss upon the ground that such an order is interlocutory and therefore nonappealable.

The notice states that the appeal is taken from ''that certain order or judgment of the above entitled court in favor of Della F. Coates, May Horton and Charles Devendorf, as petitioners, and against said Chester R. Smead, as executor, ordering such executor to account for the proceeds of two pieces of real property deeded to decedent during her lifetime by John R. Charnock, which said order was expressed from the bench by the judge of said court on the 10th day of September, 1931, and minute order thereof entered September 16, 1931, and upon which there were further formal findings and order made and filed by the said court on October 7, 1931, *and from the whole and every part thereof''*.

While the notice of appeal is somewhat confusing and is possibly open to the construction contended for by the respondents, we do not favor so restricting its operation. ■ Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates unless it appears that the respondent has been misled by such misdescription. (*Harrelson* v. *Miller & Lux*, 182 Cal. 408, 414 [188 Pac. 800].) ■ The italicized portion of the notice here involved tends to indicate that the appeal is taken from each and every part of the lower court's ruling. The order of October 7, 1931, is compound in nature. By the second paragraph thereof the probate court denied the petition for settlement of the first and final account and for discharge of the executor. Such an order is appealable under section 1240 of the Probate Code, which section antedates the filing of the notice of appeal herein. This being so, the motion to dismiss must be denied even if we assume, without deciding, that some other portion of the order is nonappealable.

The motion is denied.

Seawell, J., Shenk, J., Curtis, J., Langdon, J., Preston, J., and Tyler, J., *pro tem.*, concurred.