[L. A. No. 13300.   In Bank.—September 23, 1932.]

TITLE GUARANTEE AND TRUST COMPANY (a Corporation), Respondent, v. GEORGE M. LESTER, Appellant.

Rush & Beirne and William B. Beirne for Appellant.

Laurence W. Beilenson and Huntington P. Bledsoe for Respondent.

WASTE, C. J.—Motion to dismiss appeal or to affirm order appealed from.

Plaintiff instituted this action to recover possession of certain real property. The complaint, among other things, alleged that the defendant had violated the terms of a certain deed of trust in a manner warranting the requested relief. In accordance with the prayer of the complaint, the trial court on July 24, 1931, made its *ex parte* order appointing receivers to take possession of and care for the property pending the trial of the cause. Thereafter and on August 12, 1931, the trial court overruled defendant's demurrer to the complaint, and denied his motion to vacate the order appointing receivers. On August 22, 1931, the defendant filed a notice of appeal, which notice reads as follows:

"Notice is hereby given that the defendant herein does hereby appeal to the Supreme Court of the State of California from that certain order and decision and the whole thereof made and entered in the above entitled action on or about the 12th day of August, 1931, wherein and whereby Charles F. Allison and A. J. Showalter were appointed by said court as receivers and were ordered to take possession of the real property mentioned and described in said order."

Inspection of the transcript discloses that the order appointing receivers was not entered August 12, 1931, the date specified in the notice of appeal. That appears to be the date of entry of the order denying appellant's motion to vacate the order appointing receivers. Relying upon this apparent discrepancy in the notice of appeal and contend-

ing that the order refusing to vacate is a nonappealable order, respondent moves to dismiss.

■ Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates unless it appears that the respondent has been misled by such misdescription. (*Estate of Smead*, 215 Cal. 439 [10 Pac. (2d) 462]; *Harrelson* v. *Miller & Lux*, 182 Cal. 408, 414 [188 Pac. 800].)

■ The present notice of appeal while erroneously referring to the date of the order denying the motion to vacate, specifically declares that the appeal is from the order "wherein and whereby Charles F. Allison and A. J. Showalter were appointed by said court as receivers and were ordered to take possession of the real property mentioned and described in said order." A more definite description of the order appealed from could not be given. Any misdescription as to the date thereof could not have misled respondent and should not serve to work a dismissal of the appeal. (*Wilson* v. *Union Iron Works*, 167 Cal. 539, 541 [140 Pac. 250]; 2 Cal. Jur. 318, sec. 110.)

A perusal of the appellant's opening brief, filed herein prior to the noticing of the present motion, confirms our conclusion that the appeal is from the order appointing receivers, which order is made appealable by subdivision 2 of section 963 of the Code of Civil Procedure. The notice of appeal was filed well within the time specified in section 939 of the same code.

■ The clerk's transcript contains everything essential to a proper consideration and determination of the propriety of the order appointing receivers. Anything therein referring to the order refusing to vacate may, for the purposes of this appeal, be regarded as surplusage.

Respondent next urges that the appeal should be dismissed because the notice for preparation of transcript was not filed within the ten-day period prescribed in section 953a of the Code of Civil Procedure. Assuming such notice to be essential to the preparation and certification of a *clerk's* transcript, as distinguished from a reporter's transcript (in this connection see *Miller* v. *Price*, 203 Cal. 772, 775 [265 Pac. 931], and *Pioneer Truck Co.* v. *Hawley*, 39 Cal. App. 481, 482, 483 [179 Pac. 447]), it has repeatedly

been held that none of the proceedings prescribed in sections 953a, b and c, is jurisdictional to an appeal already taken. (*Smith* v. *Jaccard*, 20 Cal. App. 280, 287, 288 [128 Pac. 1023] ; *Lynch* v. *Coe*, 203 Cal. 422, 423 [264 Pac. 747] ; *Tasker* v. *Warmer*, 202 Cal. 445, 449 [261 Pac. 474].)

As already indicated, the order appointing receivers was made *ex parte* and recites on its face that it was made on the basis of the allegations of the complaint. The order may therefore be reviewed on the duly certified clerk's transcript now before us.

Technical objections are not favored and this court, whenever possible, seeks to review a cause on its merits. (*Lynch* v. *Coe, supra.*)

For the foregoing reasons the motion to dismiss and the motion to affirm are, and each is, hereby denied.

Preston, J., Tyler, J., *pro tem.*, Shenk, J., and Langdon, J., concurred.