[Sac. No. 4634. In Bank.—February 6, 1933.]

J. E. BELKNAP, Respondent, v. WM. M. MITCHELL et al., Appellants.

J. T. Sharp and A. K. Wylie for Appellants.

Oscar Gibbons for Respondent.

THOMPSON, J.—This is an appeal from a judgment in favor of plaintiff establishing his right to the possession of approximately 700 sheep and denying the same to the defendants, and determining that no one of the defendants, W. P. Mitchell, E. C. Robinson and Jerve Kresge, had a lien thereon.

The facts necessary to understand the claims advanced by appellants for a reversal of the judgment may be briefly stated as follows: On November 13, 1928, the appellant W. M. Mitchell executed a chattel mortgage upon 1552 head of ewes and fifteen rams together with their increase and wool, to secure his promissory note of $10,900 due May 13, 1929, with interest at eight per cent per annum. At maturity there remained unpaid on the note $7,134.14 principal. On December 12, 1929, respondent commenced this action to obtain possession for the purpose of realizing on the security to satisfy the last-named amount together with interest from March 13, 1929. The appellant W. P. Mitchell, the father of W. M. Mitchell, interposed a cross-complaint in which he asserted a claim of lien for herding the mortgaged sheep in the sum of $4,160 and claimed to be in possession thereof along with appellant Kresge. Kresge also filed a cross-complaint in which he alleged a lien for pasturage and feed of the sheep in the sum of $750 and joint possession with

appellant W. P. Mitchell. The appellant E. C. Robinson also filed a cross-complaint in which he alleged he had sold hay to W. M. Mitchell for feeding the sheep of the value of $343 and pasturage worth $33.73, making a total of $376.73, supplied by him to preserve and keep the sheep. He did not, however, allege possession, but set out that one T. A. Walls, as the agent and representative of respondent, promised him that he would pay him the amount of $376.73 out of money to be realized from the sale of lambs.

Less difficulty will be had in understanding the claim of each of the appellants if we deal with them separately from this point. We will, therefore, turn first to the contention of the appellant W. P. Mitchell. In the brief it is assumed the court found that W. P. Mitchell was a partner of W. M. Mitchell, and considerable space is devoted therein to an argument that the evidence is insufficient to prove such a partnership. The finding is as follows: "That it is not true that the said W. P. Mitchell properly cared for said sheep, or any of said sheep, after the 13th day of November, 1928, and it is not true that his wages as herder thereof was worth the sum of $100 per month, or any other amount; and in this connection, the court finds that it is true that immediately prior to the 13th day of November, 1928, and for the purpose of securing said loan to said W. M. Mitchell herein, that the said W. P. Mitchell told plaintiff that there was no charge against any of said sheep on account of his herding thereof, and that there would be no charge for herding in the future." In addition, it was found that between the time of the execution of the mortgage and the trial there were only about 700 head of sheep remaining, the others having been lost or disposed of. The court made no finding with respect to the possession of the appellant W. P. Mitchell, although there is one to the effect that Kresge was not in possession. We have examined the transcript and find sufficient in the record to justify the quoted finding, in addition to which it may be noted that appellant W. P. Mitchell does not contend it is unsupported. From which it follows that, in so far as the claim of W. P. Mitchell is concerned, the appeal is without merit.

To state the basis for the claim of lien of the appellant Jerve Kresge is to demonstrate that it is groundless. He had leased to W. M. Mitchell about 1700 acres of land

at an annual rental of $750. H seeeks to establish an agistor's lien to cover the unpaid rental for the year 1929. When Kresge leased the land to Mitchell without reservation the right of pasturage passed to the lessee. (Sec. 819, Civ. Code; *Harrelson* v. *Miller & Lux Inc.*, 182 Cal. 408 [188 Pac. 800].) It needs no argument to demonstrate that a lessor is not an agistor. It is equally clear that the court's finding that Kresge was not in possession of the sheep when the action was commenced by respondent, which finding is not attacked, is fatal to appellant's contention.

Finally, with respect to the claim of appellant E. C. Robinson, it is sufficient to say that the court found upon conflicting evidence that T. A. Walls did not promise Robinson to pay the sum claimed, and, further, that Walls had no authority, express or implied, to make such a promise.

Judgment affirmed.

Seawell, J., Shenk, J., Curtis, J., Preston, J., and Waste, C. J., concurred.