[Civ. No. 9551.   First Appellate District, Division Two.—December 27, 1934.]

LIONEL H. HAYDEL, Respondent, v. ANDREW WADE MORTON, Appellant.

Sullivan, Rochè, Johnson & Barry for Appellant.

F. H. Dam and Thomas C. Ryan for Respondent.

SPENCE, J.—Plaintiff and respondent Lionel H. Haydel moves to dismiss the appeal of defendant and appellant Andrew Wade Morton in the above-entitled cause. In support of said motion, respondent contends that appellant's opening brief does not consider or refer to the judgment from which the appeal was taken, that no brief has been filed in support of the appeal from said judgment, and that the time allowed for the filing of appellant's brief in support of the appeal from said judgment has expired.

In order to understand the point raised by respondent upon this motion, it is necessary to refer to the notice of appeal filed by appellant. Said notice reads as follows:

"You and each of you will please take notice that the defendant above named hereby appeals to the District Court of Appeal of the State of California, First Appellate District, from the judgment made and entered in the above entitled action in favor of the plaintiff and against the defendant, and from the whole and each and every part of said judgment. Said judgment is recorded and entered in Book 353 of Judgments of said court, at page 250 thereof."

At the time said notice of appeal was filed there was but one "judgment made and entered in the above entitled action in favor of the plaintiff and against the defendant". The notice, however, erroneously stated the page at which said judgment was entered as page 250, whereas said judgment in favor of plaintiff and against defendant was in fact entered at page 219. There was another judgment entered on page 250 but said judgment was a "Judgment of Nonsuit as to Third and Fourth Causes of Action of Plaintiff's Original Complaint", which judgment was a judgment in favor of defendant.

We find no merit in respondent's contentions in support of the motion to dismiss the appeal. Respondent proceeds upon the theory that appellant appealed from the judgment in appellant's favor appearing upon the page to which the erroneous reference was made and not from the judgment against appellant. In order to sustain this theory, it is necessary to give controlling effect to the page reference and to give no effect to the remaining portions of the notice of appeal. This should not be done. The notice of appeal should be read as a whole and it should be liberally construed. As was said in *Title Guarantee & Trust Co.* v. *Lester,* 216 Cal. 372, at page 374 [14 Pac. (2d) 297]: "Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates unless it appears that the respondent has been misled by such misdescription. (*Estate of Smead,* 215 Cal. 439 [10 Pac. (2d) 462]; *Harrelson* v. *Miller & Lux,* 182 Cal. 408, 414 [188 Pac. 800].)" Certainly respondent was not misled here as the appeal was taken from the judgment "in favor of the plaintiff and against the defendant", and there was only one judgment answering that description. It is impossible to assume that the error in the page reference could have led respondent

or anyone else to believe that appellant was appealing from a judgment of nonsuit in favor of appellant.

The motion to dismiss the appeal is denied.

Nourse, P. J., and Sturtevant, J., concurred.