[S. F. No. 16404. In Bank. June 2, 1942.]

D. ADAMS, Appellant, v. PAUL TALBOTT, Defendant and Respondent, J. M. DUNGAN, Intervener and Respondent.

Garth V. Lacey and George Olshausen for Appellant.

J. P. Mandl and Stanley K. Lawson for Respondents.

SHENK, J.—This is an appeal from an order granting defendant's motion to strike plaintiff's notice of appeal and to terminate proceedings on appeal.

The plaintiff commenced an action against the defendant on January 12, 1938, to quiet title to certain real property. The defendant filed an answer and a cross-complaint seeking a reconveyance of the property theretofore transferred to the plaintiff upon a trust agreement for his benefit, and alleging a breach of that agreement by the plaintiff.

Dungan, a creditor of the defendant, intervened to protect certain creditor's rights in any property in which defendant might have an interest. The court found the facts and concluded that a trust in the property existed in favor of the defendant, and that the plaintiff should account as trustee thereof. Judgment thereon was entered on June 19, 1939. The judgment provided that the plaintiff hold the real property as trustee for the defendant and that she reconvey it to him upon the condition that the defendant pay to her the sum of $4,909.97, together with accruals to be determined by the court on the final account of the trustee. The judgment provided that in the event of failure to perform the condition within ninety days from the entry of judgment the plaintiff would be entitled to a decree quieting her title in the property. Notice of entry of judgment was served on the plaintiff on June 21, 1939. The plaintiff filed a "First and Final Account of Trustee and Application to Settle said Account and Dismiss Trustee," on October 10, 1939. On October 16, 1939, the court entered its order that the trust estate was indebted to the plaintiff as trustee in the sum of $2,893.50, and settling and approving the trustee's account. On October 17, 1939, the plaintiff filed a notice of motion for a judgment quieting her title upon the ground that the defendant had not complied with the condition stated in the judgment. On October 23, 1939, the court entered an order denying the motion based upon a finding that the defendant had been ready, willing and able and had offered to comply with

the condition within the ninety-day period, and that the plaintiff forthwith reconvey the property pursuant to the judgment of June 21, 1939.

On November 9, 1939, the plaintiff filed a notice of appeal "from the judgment rendered in favor of the defendant," a request to prepare a transcript, and a notice of intention to deposit the deed with the county clerk pursuant to section 944 of the Code of Civil Procedure. The defendant moved to strike from the records the notice of appeal, the request for a transcript, and the notice of intention to deposit the deed and for an order terminating the proceedings on appeal, on the ground that the time had expired within which the plaintiff could prosecute an appeal. On December 15, 1939, the trial court granted the motion and terminated the proceedings on the ground that the appeal was from the judgment of June 19, 1939, and that the time for appeal from that judgment had expired prior to the filing of the notice of appeal. The plaintiff's motion to strike that order was denied. The plaintiff prosecutes the present appeal from the order of December 15, terminating the proceedings on her appeal from the judgment.

The defendant contends that the plaintiff's appeal filed on November 9, 1939, was from the judgment of June 19, 1939, and was therefore filed too late. Further, that if the judgment of June 19, 1939, be considered interlocutory and not final, an appeal would not lie therefrom.

The fact that the plaintiff's notice of appeal stated that it was taken "from the judgment" does not compel a conclusion that it was intended as an appeal from the judgment of June 19, 1939, rather than from the order of October 23, 1939. Notices of appeal are liberally construed to effect a hearing on the merits, and the words "judgment" and "order" have been treated as interchangeable. (*Kellet v. Marvel*, 6 Cal. (2d) 464 [58 P. (2d) 649] ; *Estate of Smead*, 215 Cal. 439 [10 P. (2d) 462] ; *Title Guar. & Trust Co.* v. *Lester*, 216 Cal. 372 [14 P. (2d) 297].) There are no facts which would justify a conclusion that the defendant was misled. On the contrary in her account filed on October 10, 1939, the plaintiff alleged that no appeal had been taken from the judgment of June 19, 1939, and that it had become final. It then becomes unnecessary on the present appeal to determine whether the judgment of June 21, 1939, was interlocutory or final, for in either event the order here appealed from

cannot stand. If the judgment of June 21, 1939, was interlocutory, the order of October 23, 1939, became a final adjudication of the issues and the appeal therefrom was proper and timely. If the judgment of June 21, 1939, was the final judgment, the order of October 23, 1939, would be a special order made after final judgment and be appealable. (§ 963 (2), Code Civ. Proc.)

The trial court was therefore in error in terminating the proceedings on appeal on the ground that the appeal was filed too late.

The order is reversed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.