[Civ. No. 17610. Second Dist., Div. One. May 18, 1950.]

SEVEN UP BOTTLING COMPANY OF LOS ANGELES, INCORPORATED, Appellant, v. GROCERY DRIVERS UNION LOCAL NO. 848 (a Labor Organization and Unincorporated Association) et al., Respondents.

Thomas P. Menzies, Harold L. Watt and Carl M. Gould for Appellant.

John C. Stevenson and Clarence E. Todd for Respondents.

DRAPEAU, J.—The instant action for an injunction, damages, preliminary injunction and a temporary restraining order was filed by plaintiff on June 29, 1949. On September 29, 1949, the trial court sustained defendants' objection to the introduction of evidence on the ground that the complaint failed to state facts sufficient to constitute a cause of action. On September 30, plaintiff filed notice of appeal from the order sustaining such objection, and on October 10, it filed its amended notice of appeal from such order.

Thereafter, on October 13, 1949, judgment was entered that plaintiff take nothing and that the preliminary injunction theretofore issued be continued in effect during the pendency of "an appeal by the plaintiff from the judgment of this court"; and that the bond of $3,000 be maintained in full force.

The next day, October 14th, an amendment to the judgment *nunc pro tunc* was entered ordering the temporary injunction of July 11, 1949, be continued in full force and effect "pending final disposition of the appeal from the order sustaining an objection to the introduction of evidence and pending the trial, if any, of this cause on the merits"; and decreeing that the $3,000 bond theretofore filed and approved should be sufficient "on the continuance of the injunction pursuant to this judgment."

On October 26, 1949, plaintiff filed its second amended notice of appeal "from the order of the above entitled Court sustaining an objection to the introduction of the evidence upon the ground that the complaint did not state facts sufficient to state a cause of action, and from the order increasing the bond on the preliminary injunction." At the same time plaintiff also requested preparation of a clerk's transcript to include: "(13) Judgment of October 13, 1949; (14) Amendment to Judgment Nunc Pro Tunc of October 14, 1949."

The question of the sufficiency of the second amended notice of appeal is now before this court on rehearing of respondents' motion to dismiss the appeal, it being contended that the appeal is from two unappealable orders.

Appellant claims the appeal is from the judgment.

At first blush, the case of *Dabney* v. *Wilhelm,* 190 Cal. 340,

341 [212 P. 203], appears to be decisive. There it was held that no appeal lies from an order sustaining an objection to the taking of any testimony in a cause of action on the ground that the complaint does not state a cause of action, since the order is not one mentioned among the interlocutory orders which section 963 of the Code of Civil Procedure makes the subject of appeal, but it may be reviewed upon appeal from the judgment as an intermediate order which necessarily affects the judgment.

However, in the cited case, no judgment was ever entered. In the case under review, not only was judgment entered, but it was also amended *nunc pro tunc*.

The latest pronouncement of the Supreme Court on the question here propounded is *Adams* v. *Talbott,* 20 Cal.2d 415, 417 [126 P.2d 347]. In that case a judgment was entered in favor of defendant on June 19, 1939, containing certain conditions to be performed within 90 days, and on October 23, 1939, the court entered an order based upon the conditional clause in the judgment of June 19th. On November 9, 1939, plaintiff filed her notice of appeal "from the judgment rendered in favor of the defendant." Defendant there contended that plaintiff's appeal filed November 9th was from the judgment of June 19th, and therefore was filed too late. However, the Supreme Court held that "The fact that the plaintiff's notice of appeal stated that it was taken 'from the judgment' does not compel a conclusion that it was intended as an appeal from the judgment of June 19, 1939, rather than from the order of October 23, 1939. *Notices of appeal are liberally construed to effect a hearing on the merits, and the words 'judgment' and 'order' have been treated as interchangeable. (Kellet v. Marvel, 6 Cal.2d 464 [58 P.2d 649] ; Estate of Smead, 215 Cal. 439 [10 P.2d 462] ; Title Guar. & Trust Co. v. Lester, 216 Cal. 372 [14 P.2d 297].) There are no facts which would justify a conclusion that the defendant was misled. . . . The trial court was therefore in error in terminating the proceedings on appeal on the ground that the appeal was filed too late." (Emphasis added.) See, also, *Balkins* v. *Norrby,* 61 Cal.App.2d 413, 416 [142 P.2d 958], wherein it is stated: "It is established as the rule in this state that 'notices of appeal are liberally construed to preserve the right of review unless it appears that the respondent has been misled by the misdescription.' (Kellett v. Marvel (1936), 6 Cal.2d 464, 471 [58 P.2d 649].)"

Viewed in the light of the foregoing, the notice of appeal herein may be fairly interpreted to refer to the judgment of October 13th, there being no intimation that respondents were misled thereby to their prejudice.

The motion to dismiss the appeal is denied.

Doran, J., concurred.

WHITE, P. J.—I dissent. The case of *Adams* v. *Talbott*, 20 Cal.2d 415 [126 P.2d 347], relied upon in the majority opinion herein, is not, to my mind, helpful or determinative of the problem presented by the instant proceeding. In the cited case, as the court points out at page 418, both the judgment of June 21, 1939, as well as the order of October 23, 1939, were appealable, and therefore the rule of liberality in the construction of notices of appeal was applicable.

In the case at bar, however, the order "sustaining an objection to the introduction of the evidence upon the ground that the complaint did not state facts sufficient to state a cause of action," and the order "increasing the bond on the preliminary injunction" were not appealable (Code Civ. Proc., § 963).

Therefore, no jurisdiction whatever was conferred upon this court by the attempted appeal from the foregoing non-appealable orders. Being without jurisdiction, we have no recourse other than to dismiss it (*Sherman* v. *Standard Mines Co.*, 166 Cal. 524, 525 [137 P. 249]; 2 Cal.Jur. p. 131, § 15; 2 Cal.Jur., pp. 752, 753; *Hughes* v. *De Mund*, 70 Cal.App. 265, 267 [233 P. 93]).