Filed 2/10/21  Smith v. FPI Management, Inc. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| PATRICIA SMITH et al., | C090154 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2018-00228279-CU-BC-GDS) |
| v. | |
| FPI MANAGEMENT, INC., et al., | |
| Defendants and Respondents. | |

Appellants, Patricia Smith and Glenn Deary II, appeal from dismissal of their action against respondent, FPI Management Inc. (FPI); they argue:  (1) because FPI was in default for not answering the amended complaint, the trial court erred in failing to enter judgment in their favor, and (2) FPI's attorney perjured himself concerning the service of the summons and complaint.  We disagree and will affirm the judgment.

1

## BACKGROUND

On March 2, 2018, appellants filed a form complaint for breach of contract against Westwood Vistas and FPI Management. Appellants filed an amended form complaint on March 28, 2018, which corrected the names of the original defendants (FPI Management Inc. and Westwood Vista Apartment) and added two individuals acting in their official capacities (Bonnie Darrah and Ashley Gunn).

On December 18, 2018, the court granted defendants' unopposed motion to quash service of the summons and complaint for failure to serve those documents in the manner required by the Code of Civil Procedure. FPI acknowledged receipt of service on December 28, 2018. Westwood Vista Apartment, Darrah, and Gunn were dismissed from the suit without prejudice on January 9, 2019.

On January 25, 2019, FPI filed a declaration explaining its inability to meet and confer with appellants concerning deficiencies in their amended complaint, and FPI was granted an automatic 30-day extension of the deadline to file a responsive pleading. (Code Civ. Proc., § 430.41, subd. (a)(2).)[1] On February 26, 2019, FPI demurred to appellants' amended complaint. The court sustained this demurrer on March 29, 2019, with leave to amend. The ruling included an explanation of the elements that appellants would need to allege in a complaint for breach of contract in any second amended complaint and allowed appellants until April 12, 2019, to file such complaint.

On April 23, 2019, appellants sought and received an extension of the deadline to file the second amended complaint until May 17, 2019. Appellants' May 16, 2019, request for a second extension of this deadline to July 19, 2019, was denied. On May 31, 2019, appellants requested entry of default and default judgment against all original parties to the action, including FPI.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

On June 4, 2019, FPI gave notice that it would be seeking an ex parte application to dismiss the action because of appellants' failure to file the second amended complaint and included a proposed order of dismissal. The trial court signed the order dismissing the action on June 5, 2019. The same day, *after* entry of dismissal, appellants filed an ex parte application for entry of default and default judgment. These documents failed to recognize that the original service had been quashed, that all but FPI had been dismissed from the action, and that FPI's demurrer to the amended complaint had been sustained; the documents were returned in any event, because the action had already been dismissed.

On June 6, 2019, appellants' ex parte application for relief was denied via minute order, which summarized the procedural history of the case leading to the dismissal of all defendants from the action. The minute order concluded: "[Appellants] have continually sought to enter defaults in this action as to the dismissed defendants or FPI (who had demurred), even as they themselves were under Court order to file an amended complaint. FPI was under no obligation to file an answer until a proper complaint, in accordance with the Court's orders, had been filed. . . . [¶] As all defendants have been dismissed, the Application is denied."

Appellants timely appealed.

## DISCUSSION

At the outset, we observe that appellants are not entitled to special treatment by this court even though they are representing themselves without the assistance of an attorney. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) We must hold them to the same standards as if they were practicing attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) This is not intended to penalize self-represented litigants; instead, it is necessary to maintain stability in appellate proceedings, requiring adherence to the forms and procedures that govern appeals. This in turn supports the appellate court's independence and unbiased decision-making.

3

We begin with FPI's request that we dismiss this appeal as being taken from a nonappealable order. Appellants timely filed a notice of appeal, which identified May 31, 2019, as the date of entry of default judgment and included a copy of appellants' May 31, 2019, request for entry of default and default judgment. The clerk's denial of appellants' request for default is not separately appealable. (Cf. *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960-961 [entry of default is not an appealable order].) Nonetheless, we will liberally construe appellants' notice of appeal as including the dismissal following the sustaining of the demurrer without plaintiff's filing of a second amended complaint, which created an appealable judgment. (See *Beazell v. Schrader* (1963) 59 Cal.2d 577, 579-580 [construing order sustaining demurrer without leave to amend to include a dismissal of the action and construing the notice of appeal as applying to that dismissal]; §§ 581d, 581, subd. (f)(2), 904.1, subd. (a)(1).) To do so furthers the important policy of reaching the merits of appellants' claims on appeal and is appropriate given that FPI was not prejudiced by appellants' failure to identify the June 5, 2019, dismissal in their notice of appeal. (See *Seven Up Bottling Co. v. Grocery Drivers Union* (1950) 97 Cal.App.2d 623, 625 [notices of appeal shall be liberally construed in favor of the right of review unless respondent has been prejudiced by the appellant's mistake].) Here, appellants' designation of record included FPI's June 4, 2019, ex parte request for dismissal and the court's June 5, 2010, order on that dismissal. Further, appellants' May 31, 2019, request was denied sometime after June 5, 2019, because the undated denial noted the case's dismissal as the reason for denying the application.

We therefore reach the merits, and after examination of the record and briefing we conclude that appellants have failed to meet their burden of establishing error.

"[I]t is settled that: 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible

4

error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Thus, it was appellants' burden to demonstrate the trial court abused its discretion in denying the May 31, 2019, request for default and default judgment and instead entering dismissal of the action. (See *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827 [it is appellant's burden to demonstrate trial court abused its discretion in dismissing an action following failure of plaintiff to amend a complaint following demurrer].)  However, after service was quashed, three of the four defendants were voluntarily dismissed and demurrer sustained as to the remaining defendant, FPI.  Moreover, there was no operative complaint on file on May 31, 2019, because appellants failed to file a second amended complaint by the extended deadline of May 17, 2019.  Nor did appellants at any time file a second amended complaint.  Under these circumstances, the court did not abuse its discretion in dismissing the action on June 5, 2019, as authorized by section 581, subdivision (f)(2).

Nor have appellants established that FPI's attorney perjured himself in representations made to the trial court regarding the service of the summons and complaint. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [it is appellant's burden to establish error through "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error."].)  Appellants did not oppose the motion to quash service and have not otherwise shown that any misrepresentations were made to the court, let alone prejudicial misrepresentations.[2]

---

[2] Similarly, appellant's incomplete argument that the court clerk committed prejudicial error by entering incorrect dates is completely unsupported by citations, argument, or authority, and fails at the outset for those reasons alone.

5

## DISPOSITION

The judgment is affirmed.  Respondent FPI is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


_____/s/_____
Duarte, Acting P. J.


We concur:


_____/s/_____
Hoch, J.


_____/s/_____
Renner, J.