[No. 8715. Department Two. — May 29, 1885.]

G. M. KUTZ, RESPONDENT, v. W. FLEISHER, APPEL-
LANT.

67   93
d104 599

CONTRACT TO PURCHASE AND SELL STOCK — STATUTE OF FRAUDS. — A contract between brokers, whereby one agrees to purchase and sell stocks for the account of the other, to advance money for the purpose, and pay assessments on the stocks purchased, is not obnoxious to section 26, article iv., of the Constitution, and is not required by the statute of frauds to be in writing.

ID. — MUTUAL ACCOUNT — STATUTE OF LIMITATIONS. — The action being regarded by the court as one to recover a balance due on a mutual, open, and current account, held, that the Statute of Limitations was not a bar.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action to recover a balance due for money paid, laid out, and expended by the plaintiff for the use of the defendant, in pursuance of a contract whereby the plaintiff agreed to purchase and sell stock for the defendant, advance the purchase price, and pay the assessments thereon. The further facts are stated in the opinion of the court.

*Carl T. Graef*, for Appellant.

*Napthaly, Freidenrich & Ackerman*, for Respondent.

THORNTON, J. — We find no error in this record. It was not a case of a sale of personal property by a vendor to a vendee, but of a broker (plaintiff) purchasing and selling stocks for account of another (defendant), advancing money for the purpose, and paying assessments on the stocks purchased. The whole transaction was had under an agreement entered into in advance of the purchases being made. It was no part of the terms of the agreement that it was not to be performed within one year from the making thereof. On the foregoing facts, it follows that section 26 of article iv. of the Constitution ; section 1624, subds. 1, 4, of the Civil Code; section 1793, subds. 1, 4, of the Code of Civil Procedure, have no application in this case.

The agreement as enforced could be made by parol, and therefore section 1739 of the Civil Code has nothing to do with the case. The claim of interest at one and one half per cent

per month was withdrawn. The verdict is not against law, nor is it unsustained by the evidence. It might be improved as to the form, but it is sufficiently certain, and is within the issues. The evidence on which the verdict as to that part of plaintiff's claim, styled in the verdict "stock account," consists of an account mainly between plaintiff and defendant, all of which grew out of buying and selling stocks under the agreement above stated. This sufficiently explains the use of the words "stock account" in the verdict. Granting that a stated account was not proved, a recovery might be sustained on the counts for money lent and money paid.

The cause of action was not barred by the Statute of Limitations. The action is really one to recover a balance due on a mutual, open, and current account, where there had been reciprocal demands between the parties, and in such case the cause of action accrues from the time of the last item proved in the account on either side. The account was proved, and the last item recoverable in this action, on the credit side of the account, bears date 28th day of January, 1882, and on its debit side, November 17, 1881. The cause of action in this case could only be barred in three years from its accrual. The action was commenced on the 20th day of March, 1882. It follows that, computing from either of the above-mentioned dates of last items, the action was not barred. The court committed no error in refusing the requests for instructions preferred by counsel for defendant. They referred to matters not in the case.

The judgment and order must be affirmed. So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.