[Civ. No. 5217. First Appellate District, Division One.—March 10, 1927.]

W. S. LIERLY et al., Respondents, v. DANIEL H. Mc-EWEN et al., Defendants; DANIEL H. McEWEN, Appellant.

[1] APPEAL—NOTICE—JURISDICTION.—A notice of appeal which states that appellant "desires and intends to appeal from the judgment," in conformity with section 953a of the Code of Civil Procedure, is sufficient under section 940 of the Code of Civil Procedure to give the appellate court jurisdiction to hear the appeal.

---

(1) 3 C. J., p. 1223, n. 28.

MOTION to dismiss an appeal from a judgment of the Superior Court of Kern County. Erwin W. Owen, Judge. Motion denied.

The facts are stated in the opinion of the court.

Byron Coleman, James Donovan and John L. McNab for Appellant.

William W. Kaye for Respondents.

TYLER, P. J.—[1] Motion to dismiss appeal on the ground of the insufficiency of the notice. The transcript and

---

1. See 2 Cal. Jur. 312; 2 R. C. L. 109.

appellant's brief have been on file for nearly four years and no brief has been presented by respondents. The language employed by appellant in his notice of appeal states that he "desires and intends to appeal from the judgment." The sole objection to the notice is that it merely conforms to the requirements of section 953a of the Code of Civil Procedure relating to a request for the preparation of the transcript and is insufficient as a notice of appeal as required by section 940 of the same code. In support of the motion we are cited to several decisions of the supreme and appellate courts. These cases are discussed and reviewed in *Anderson* v. *Standard Lumber Co.,* 60 Cal. App. 445 [213 Pac. 65], and we do not deem a further discussion of them necessary. The notice involved in the case last cited read as follows: "You and each of you will please take notice that the plaintiff in the above-entitled action *intends to appeal* from the judgment . . . " It is therefore practically the same form of notice as the instant one. It was there held that under the statutes as they now read the notice was sufficient to give the appellate court jurisdiction to hear the appeal and the motion to dismiss was denied. The court, in disposing of the question, declared that it is the disposition of courts to hear appeals upon their merits and the sections of the code relating to the subject should be liberally construed with a view of promoting such purpose.

This decision has been followed with approval in the recent case of *Wright & Hogan, Inc.,* v. *Heide,* 72 Cal. App. 16 [236 Pac. 219], where the same doctrine is announced. The motion to dismiss is denied.

Knight, J., and Cashin, J., concurred.