[S. F. No. 12152. Department One.—January 31, 1928.]

PURITY SPRINGS WATER CO. (a Corporation), Appellant, v. REDWOOD ICE DELIVERY (a Corporation) et al., Respondents.

A. J. Stebenne for Appellant.

Ross & Ross for Respondents.

PRESTON, J.—This is an appeal by plaintiff in an action for the recovery of five thousand dollars as damages and for a perpetual injunction to restrain the alleged infringement by defendant of a certain label, device, or trademark used by it for bottled water.

Defendant suggests that this court is without jurisdiction to entertain the appeal because of the failure of plaintiff to give any sufficient notice thereof. The record shows that plaintiff duly filed with the clerk of the superior court a paper entitled "Request for Transcript under Section 953a, Code of Civil Procedure," which contains the following clause: " . . . You will please take notice that plaintiff in the above-entitled action desires and intends to appeal from the judgment heretofore given . . . " It is no objection to a notice of appeal that it is a part of the same paper that directs the clerk to prepare the record and, in recent decisions, construing the precise language above quoted, it has been held that "while it would be more

satisfactory if the notice had been more explicit, it must be held sufficient to give the appellate court jurisdiction" (*Anderson* v. *Standard Lumber Co.*, 60 Cal. App. 445 [213 Pac. 65]; *Wright & Hogan, Inc.*, v. *Heide*, 72 Cal. App. 16 [236 Pac. 219]).

Plaintiff and defendant are California corporations, both licensed to do business in San Mateo County. The complaint alleges the claim of plaintiff to a registered trademark under the law of California consisting of the words "PURITY SPRINGS WATER" appearing on labels used by it in its business of bottling, selling, and distributing drinking water, and the infringement of said trademark or label by defendant. It further alleges that defendant, a company engaged in manufacturing and selling ice, represented plaintiff during the year 1917 and part of 1918 in the establishment of an agency for the sale of plaintiff's product in said county; that as a result of said agency defendant secured a list of the names of customers of plaintiff and consumers of its product, which list said defendant afterward used without right and to the damage of plaintiff in selling and distributing the product of Mountain Springs Water Company, and still later in connection with the sale of bottled water under the alleged infringing label here involved. The labels used by both parties are made exhibits to the complaint, as is also copy of an advertisement published by defendant in a San Mateo County paper, of which complaint is made.

Defendant filed a demurrer to the complaint upon the ground that it failed to allege facts sufficient to constitute a cause of action, and also numerous affidavits in support thereof denying that it had ever represented plaintiff as agent or received a list of plaintiff's customers or consumers of its product; and likewise denying and explaining other allegations of said complaint, as will more fully hereinafter appear. The court sustained the demurrer, saying: "The only thing copied or imitated in this matter is 'water,' and that word is not subject to any trademark. Demurrer sustained." Plaintiff failed to amend within the ten-day period allowed for that purpose and judgment was accordingly entered for defendant, from which this appeal is taken.

Appellant concedes, as indeed it must, that the complaint does not attempt to allege a cause of action for unfair and unlawful competition, and the use of the list of its customers and consumers by respondent, nor is there any attempt to predicate a cause of action upon breach of the contract between the parties at the time it is alleged the names of the customers were delivered to respondent. It is unnecessary, therefore, to discuss certain grounds of demurrer urged by respondent, to wit, that two causes of action are set forth in the complaint and not separately stated, one an alleged cause of action for unfair competition and unlawful use by respondent of said list of customers and consumers of the product of appellant, which cause respondent urges is barred by the provisions of sections 338, 339, and 343 of the Code of Civil Procedure, and the other an alleged cause of action for unlawful infringement of appellant's trademark or label by respondent.

The vital question is whether respondent's label was in fact an adoption and colorable imitation of the label of appellant, and was used by it in the advertising and sale of bottled water in such a manner and under such circumstances that the public and purchasers would be deceived or be likely to be deceived and led to believe that they were buying the product of appellant. On this point an inspection of the record can lead to but the one conclusion, that upon the merits said demurrer was properly sustained. Appellant's label reads in part: "PURITY SPRING WATER (picture of mountain stream) . . . from the mountains of Marin County, delivered in all Bay Cities . . . 2050 Kearny St., S. F., phone Sutter 2197." Respondent's label reads in part: "As pure and wholesome as its name implies (picture of Quaker girl) PURITAN WATER, trademark registered, for home and office use (picture of bottle of water) . . . Bottled by Redwood Ice Delivery, Redwood City, Calif., telephone Redwood 155." Without attempting to convey the exact contour and form of said labels or their complete wording, it is sufficient to say that they are utterly dissimilar in shape, design, lettering, size, wording, and coloring. A most casual glance should reveal to any purchaser by what company the water is sold.

The advertisement of which appellant complains reads as follows: "PURITY—Drinking Water—PURE ICE—Red-

wood Ice Delivery, Phone Redwood 155 (Printed in the Ikozian.)'' An affidavit made by the bookkeeper for respondent avers that neither this advertisement nor any similar one was published by respondent, but that while she was in respondent's employ, at the request of students of the Sequoia Union High School, she assisted them by offering to have published in the school paper known as ''Ikozian'' an advertisement of respondent's Puritan water, as follows: ''Puritan Drinking Water, pure ice . . . ''; that she was informed that through inadvertence and mistake of such students the first word of said advertisement was printed ''Purity'' instead of ''Puritan''; that when the attention of respondent was called to the mistake it was rectified immediately. There is fully quoted in said affidavit a letter of apology from the business manager of the school paper, in part as follows: ''I regret very much our unfortunate mistake which occurred in one of the advertisements of our school paper the Ikozian. I want to sincerely apologize for this mistake and I assure you that it will not happen again. The editor of the paper substituted the word 'Purity' for 'Puritan' and this caused all the trouble. Hoping that you will pardon us for this mistake, I am . . . ''

As above stated, the only real question is whether the label used by respondent is so similar to that of appellant as to constitute an infringement thereof. We hold that it is not. It is true that both labels advertise bottled ''water,'' but no one can ''exclusively appropriate any designation, or part of a designation, which relates only to the name, quality, or the description of the thing or business, or the place where the thing is produced, or the business is carried on'' (sec. 991, Civ. Code). This principle is established by the early case of *Falkinburg* v. *Lucy*, 35 Cal. 52 [95 Am. Dec. 76], which has been consistently adhered to in later decisions, and which discusses fully the law applicable to the facts of the instant case. The plaintiffs there claimed their entire label as their trademark and asked to be protected in the use of it as a whole in advertising their product, a washing powder. The court found the labels were the same in three respects only—the words ''Washing Powder,'' the directions as to use, mode of making soft soap, and the color of the paper upon which they were printed. In all other respects they were unlike.

Holding that the words "washing powder" could not be appropriated as a trademark, the court said: "The owner of such peculiar marks, provided they are original with him, will be protected in their exclusive use by the courts; but only so far as such marks serve to designate the true origin or ownership of the goods to which they are attached. He will not be protected in the use of figures or symbols or combinations of words which serve merely to indicate the name, kind or quality of the goods to which they are attached, notwithstanding they may be interblended with others which indicate origin and ownership."

In *Burke* v. *Cassin*, 45 Cal. 467, 478 [13 Am. Rep. 204], the rule is repeated in this language: " . . . a word, figure, etc., in common use, which indicates the name, nature, kind, ʿquality, or character of the article, cannot be appropriated as a trademark. . . . " See, also, to the same effect, *Choynski* v. *Cohen*, 39 Cal. 501 [2 Am. Rep. 476]; *Schmidt* v. *Brieg*, 100 Cal. 672 [22 L. R. A. 790, 35 Pac. 623]; *Spieker* v. *Lash*, 102 Cal. 38 [36 Pac. 362]; *Italian Swiss Colony* v. *Italian Vineyard Co.*, 158 Cal. 252 [32 L. R. A. (N. S.) 439, 110 Pac. 913]; *Dunston* v. *Los Angeles etc. Co.*, 165 Cal. 89 [131 Pac. 115].

Judgment affirmed

Seawell, J., and Curtis, J., concurred.