[Civ. No. 10529.   Second Appellate District, Division Two.—November 8, 1935.]

JOSEPH DAVIDSON et al., Respondents, v. JOHN J. KESSLER, Appellant.

Birger Tinglof, David Schwartz and Bianchi & Hyman for Appellant.

Dockweiler & Dockweiler for Respondents.

WOOD, J.—By an instrument in writing dated September 27, 1933, plaintiffs purchased 2,000 cases of wine from Beaulieu Vineyard through the instrumentality of the sales representative of this company, defendant herein.   On the

same date defendant by an oral contract with plaintiffs promised to resell the wine for plaintiffs before the repeal of the prohibition amendment at a net profit to plaintiffs of not less than one dollar per case. Defendant failed to comply with the terms of the oral agreement to resell the wine and plaintiffs recovered a judgment for damages for breach of the contract, from which defendant appeals.

Defendant now contends that the contract is unenforceable in view of the provisions of section 1624a, subdivision 1 of the Civil Code, which are as follows: "(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upward shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

Oral contracts are enforceable except only in those cases which are required by the code to be in writing. The section applies only to those cases in which a sale or contract to sell is actually made between a seller and a purchaser. In the case before us defendant did not agree to buy the wine from plaintiffs but rather agreed to find a purchaser. (See *Kutz* v. *Fleisher*, 67 Cal. 93 [7 Pac. 195].) The contract in question is not embraced within the provisions of the code section upon which defendant relies.

Defendant argues that the trial court erred in "permitting the introduction of the testimony over the objection of the defendant, tending to prove an oral contract in variance with the written contract". The ruling of the court was proper. The action is based upon the oral contract with defendant and not upon the written contract between plaintiff and Beaulieu Vineyard.

In asserting that the contract is unenforceable defendant contends that since defendant promised to resell the wine before the repeal of the prohibition amendment, the contract is illegal. In his argument he points out that during prohibition days he sold wine for sacramental purposes. For aught that appears in the record the parties may have intended a resale of the wine in question for sacramental pur-

poses. The court may not assume, in the absence of evidence, that the parties intended to make an unlawful contract.

Defendant complains of alleged errors in the admission of evidence and also that the evidence is insufficient to support the findings as to the amount of damages. The record discloses that the evidence was properly received and is sufficient to support the findings. (*Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

The judgment is affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 4, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.