[Civ. No. 2250. Fourth Appellate District.—May 23, 1939.]

W. C. MEADOWS, Appellant, v. J. G. CLARK, Respondent.

Robert Rollin Rosson for Appellant.

Bradley & Bradley for Respondent.

GRIFFIN, J.—This action was brought by W. C. Meadows against J. G. Clark, otherwise known as Garrett Clark, to recover a commission in the sum of $795, alleged to have been due by the defendant to the plaintiff. The sum alleged to have been due was a commission claimed to be owed to the appellant by reason of the appellant acting as respondent's agent under an authorization and an agreement to pay the appellant a certain commission for entering into a contract to buy certain cattle from a third party for the benefit of the respondent. A second amended complaint was filed by the appellant. A demurrer to this second amended complaint was sustained without leave to amend. Judgment for defendant followed.

The second amended complaint alleges that prior to the signing of the contract of purchase and sale and on or about February 26, 1937, the appellant was duly authorized by the respondent to enter into such a contract as his agent. The contract (Exhibit "B" attached to the complaint) entered into between J. G. Clark, through the appellant as agent for the respondent, and Gene Sykes, as representative of the partnership of Sykes-Worddell, reads in part as follows:

"Said first party hereby acknowledges receipt from second party the sum of $1,000.00 being at the rate of $2.00 per head on 500 cattle, which amount is credit on the purchase price of said cattle, and is to be allowed in final settlement under this contract; and this amount, in the event of failure of the second party to accept and pay for said cattle when properly delivered shall be forfeited to the first party in full satisfaction and settlement of this contract as liquidated damages."

The second amended complaint further alleges that the appellant contacted the seller who was ready, able and willing

to sell 500 head of steers "at $6 per head per hundred weight", to the plaintiff as agent of the defendant, and that on or about February 27, 1937, the plaintiff did enter into such a contract on behalf of the defendant; that prior to the drawing of the contract the plaintiff was duly authorized to do so at a commission of $2 per head. Further, that the sellers of said steers stood ready, able and willing at all times to perform their part of the agreement was alleged in the second amended complaint. It was further alleged that the defendant deposited $1,000 in the bank in the city of Tulare, County of Tulare, State of California, as required by the contract known as Exhibit "B," and that defendant did buy said cattle pursuant to the terms of said contract; that defendant became indebted to plaintiff for services rendered by plaintiff as agent of defendant; that defendant paid to the plaintiff the sum of $205 as commission, leaving a balance of $795, no part of which has ever been paid and which is now due, owing and unpaid from the respondent to the plaintiff and appellant.

In view of the above allegations, it is the contention of the appellant that the respondent's demurrer to the second amended complaint should not have been sustained.

Appellant claims that the judgment of the lower court is contrary to law.

The question presented is this: Is an agent entitled to recover commission from the principal when the agent entered into a written contract with third persons to buy on behalf of the principal certain personal property under an oral authorization and an oral agreement to pay a certain commission and when the principal did in fact buy said personal property pursuant to the terms of the written contract, and where the principal paid a portion of the commission claimed?

Section 2309 of the Civil Code provides that "an oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing". Several cases before the appellate courts have involved contracts made by verbally authorized agents, wherein the statute of frauds has been injected.

In *A. L. Jameson & Co.* v. *Redfield*, 118 Cal. App. 59 [4 Pac. (2d) 817], reversing upon rehearing (Cal. App.) 2 Pac. (2d) 53, section 2309 of the Civil Code was relied upon in

defense to a stockbroker's action to recover moneys expended on behalf of his client who had orally authorized him to execute a "short" sale on the exchange. The District Court of Appeal held in its first decision that the lack of a written memorandum authorizing the sale could be set up in defense to the broker's claim for reimbursement, but on rehearing, the first holding was reversed and the judgment of the trial court in favor of the broker was affirmed.

In *Liberman* v. *McDonnell*, 97 Cal. App. 171 [275 Pac. 486], the court held that a broker is agent for his principal. Ordinarily, the request of the principal operates as an implied promise to compensate and reimburse the agent for all advances and disbursements made in the course of the agency, and where no statute prescribes the manner in which an agent's authority must be evidenced, it is well settled that the statute of frauds has no application which defeats the agent's right to recover on this implied promise. (*Bibb* v. *Allen*, 149 U. S. 481 [13 Sup. Ct. 950, 37 L. Ed. 819]; Mechem, Agency, 2d ed. (1914), p. 2480; *Campbell* v. *Willis*, 290 Fed. 271 [53 App. D. C. 296]; *Rodman* v. *Weinberger*, 81 N. J. L. 441 [79 Atl. 338]; *Wiger* v. *Carr*, 131 Wis. 584 [111 N. W. 657, 11 Ann. Cas. 998, 11 L. R. A. (N. S.) 650].)

The question then is whether or not section 2309 of the Civil Code has any application that changes the general rule. As to an agreement authorizing or employing an agent or broker to purchase or sell *real estate* for compensation or a commission, the contract is invalid unless the same is in writing and subscribed by the party to be charged or by his agent. (Sec. 1624, subd. 5, Civ. Code.)

The case of *Dabney* v. *Edwards*, 5 Cal. (2d) 1 [53 Pac. (2d) 962, 103 A. L. R. 822], was an action based on an oral agreement relating to the recovery of a broker's commission for the sale of certain leases. The court there held (quoting from the syllabus) that "oil and gas leases for a definite term of years are properly classified as estates for years and are chattels real, or personal property, and an agreement authorizing or employing an agent or broker to purchase or sell such leases is not invalid by reason of the fact that it is not in writing". It further held that a contract of employment with a real estate broker to sell such a lease for years is not within the statute of frauds and need not be in writing.

The case of *A. L. Jameson & Co.* v. *Redfield, supra,* was an action by a broker to recover moneys expended on behalf

of the defendant in the purchase of stock, etc., under an oral agreement. In construing the effect of an oral agreement, the court said:

"The question of validity of such transactions, we think is not affected by the statute of frauds. Upon similar facts our Supreme Court upheld a judgment for commissions by a decision which announced the rule since applied in other jurisdictions and which does not appear to have been overruled in this state. (*Kutz* v. *Fleisher*, 67 Cal. 93 [7 Pac. 195].) As there stated: 'It was not a case of a sale of personal property by a vendor to a vendee, but of a broker (plaintiff) purchasing and selling stocks for account of another (defendant), advancing money for the purpose, and paying assessments on the stocks purchased. The whole transaction was had under an agreement entered into in advance of the purchases being made. It was no part of the terms of the agreement that it was not to be performed within one year from the making thereof. On the foregoing facts, it follows that section 26 of article IV of the Constitution; section 1624, subdivisions 1, 4 of the Civil Code; section 1793, subdivisions 1, 4 of the Code of Civil Procedure, have no application in this case. The agreement as enforced could be made by parol, and therefore section 1739 of the Civil Code has nothing to do with the case.' Numerous cases are cited by Meyer on the Law of Stockbrokers and Stock Exchanges, to the same effect, at page 243."

The case cited above does not mention Civil Code sections 2309 or 1624a, nor does it mention section 1973a of the Code of Civil Procedure. However, the court definitely states that it is not a case of vendor selling to a vendee, but of an agent or broker buying and selling for a principal; hence, the statute of frauds does not apply. Civil Code section 1624a and Code of Civil Procedure section 1973a apply to sales of lands and goods exceeding the value of $500, and say nothing about a contract between principal and agent. In the case at bar, we do not find the condition of the vendor selling personal property to the vendee, but the situation of a principal and agent, whereby the latter is suing for commissions earned by reason of the sale of personal property.

Section 1624 of the Civil Code, subdivision 5, and section 1973 of the Code of Civil Procedure, subdivision 5, expressly require that an agreement authorizing or employing an agent or broker to purchase or sell real estate for com-

pensation or a commission must be in writing. No other code section requires the same concerning a contract between the principal and agent for the latter to purchase or sell personal property. Since the legislature has expressly stated that for real estate the agent must have written authority to collect his commission and has failed to make such a requirement concerning personal property, it is quite clear that it intended to allow an agreement between principal and agent for the purchase or sale of personal property to be oral. (*Guy* v. *Brennan*, 60 Cal. App. 452 [213 Pac. 265] ; *Davidson* v. *Kessler*, 10 Cal. App. (2d) 89 [51 Pac. (2d) 174] ; *Kutz* v. *Fleisher*, 67 Cal. 93 [7 Pac. 195].)

This determination sufficiently disposes of the contention that the complaint must allege whether the contract for compensation or commission was written or oral.

The only remaining point raised pertains to the sufficiency of the notice of appeal. Prior to August 15, 1938, an order was made sustaining the demurrer without leave to amend. Subsequently, a judgment in favor of respondent was entered on August 15, 1938. The notice states that the plaintiff "desires to and does hereby appeal from 'that order' entered on the 15th day of August, 1938". The *judgment* above described was the only *order* entered on that date. We are of the opinion that the notice of appeal sufficiently describes the judgment from which this appeal has been perfected.

In view of our conclusions of the law and the facts relating thereto, we are of the opinion that appellant's complaint stated facts sufficient to constitute a cause of action.

Therefore, the judgment of the trial court must be and is reversed with instructions to overrule the demurrer and permit defendant to answer within a reasonable time.

Barnard, P. J., and Marks, J., concurred.