[S. F. No. 16438. In Bank.—June 20, 1940.]

FAYE C. MAMER et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

KATHLEEN WEST et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

ANDREW ANDERSON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

W. I. Gilbert and Cooley, Crowley & Supple for Petitioners.

J. H. O'Connor, County Counsel, Jennings & Belcher and Newlin & Ashburn for Respondent.

SHENK, J.—This is an application for the writ of *mandamus* to compel the respondent superior court to hear and determine the motions of petitioners to set aside judgments entered against them as plaintiffs in their action against the Lockheed Aircraft Corporation.

Demurrers to second amended complaints were argued and submitted on April 9, 1940. On April 29th, the demurrers were sustained without leave to amend. Actual notice of this ruling was received by the petitioners' attorneys in San Francisco on April 30th, whereupon they commenced immediately to prepare notices of motions for leave to file third amended complaints, but before the preparation of the papers was completed judgments were, on May 3d, entered against them. On May 6th, notices of the entry of said judgments were served. On May 15th, the petitioners served and filed with the clerk of the respondent court in each case a notice of motion to set aside the judgment and for leave to file a third amended complaint. On the same day they filed with the clerk of the court a notice and demand in each case for a transcript pursuant to the provisions of section 953a of the Code of Civil Procedure. The pertinent part of each document reads as follows: "You are hereby notified that the plaintiffs above named intend to appeal from the judgment given, made and entered in the above entitled action in said superior court, on or about the 3rd day of May, 1940 . . . "

When the motions to set aside the judgments came on for hearing on May 21st, counsel for the defendant interposed an

objection on the ground that the court was without jurisdiction to hear or determine the motions for the reason that the aforesaid notice and demand for a transcript constituted a notice of appeal and had the effect of removing jurisdiction from the superior court to the reviewing court. The objection was sustained,—whereupon this proceeding was instituted.

▮ The question is whether the notice and demand for a transcript in the language above quoted is, in effect, a notice of appeal. The petitioners insist that it is not. The respondent contends that by an unbroken line of decisions since the amendment of section 940 of the Code of Civil Procedure in 1921 it has been held by this court and the District Courts of Appeal that a similar notice and demand for a transcript constitutes a notice of appeal.

The position of the respondent must be sustained. Commencing with the case of *Purity Springs Water Co.* v. *Redwood Ice Delivery,* 203 Cal. 286 [263 Pac. 810], this court has consistently held that a notice and demand under section 953a which contains the clause ''You will please take notice that plaintiff in the above entitled action desires and intends to appeal from the judgment heretofore given . . . '' is sufficient as a notice of appeal. It was also stated in that case, at pages 287 and 288: ''It is no objection to a notice of appeal that it is a part of the same paper that directs the clerk to prepare the record and, in recent decisions, considering the precise language above quoted, it has been held that 'while it would be more satisfactory if the notice had been more explicit, it must be held sufficient to give the appellate court jurisdiction'. (*Anderson* v. *Standard Lumber Co.,* 60 Cal. App. 445 [213 Pac. 65] ; *Wright & Hogan, Inc.,* v. *Heide,* 72 Cal. App. 16 [236 Pac. 219].) ''

The Purity Springs Water Company case was followed with approval in *Magruder* v. *City of Redwood,* 203 Cal. 665 [265 Pac. 806], and *Kiekhoeffer* v. *United States Nat. Bank,* 2 Cal. (2d) 98 [39 Pac. (2d) 807], where the same language was employed in the notice to the clerk as was before this court in the Purity Springs Water Company case. To the same effect is *Lierly* v. *McEwen,* 81 Cal. App. 676 [254 Pac. 587].

It is true that in each of the cases above cited the language of the notice and demand contained the words ''desires and intends to appeal'', while in the proceeding now before us

the wording is that the plaintiffs "intend to appeal". However, in substance and effect they are the same. It would be too much of refinement in an important matter of procedure to say that the words "desires and intends to appeal" constitute a sufficient notice of appeal and vest jurisdiction in the reviewing court, but that the words "intends to appeal" do not have the same effect. In *In re Forthmann,* 118 Cal. App. 332 [5 Pac. (2d) 472], the District Court of Appeal held that the words "desires or intends to appeal" employed in the notice to the clerk were sufficient to transfer jurisdiction to the reviewing court, notwithstanding the use of the word "or".

It therefore appears that for over seventeen years, and under the authority of uniform decisions in this court and in the District Courts of Appeal, a notice and demand to the clerk to prepare a transcript under section 953a of the Code of Civil Procedure in substantially the same form as the one here involved has constituted a sufficient notice of appeal.

The case of *Phillips* v. *Byers,* 189 Cal. 665 [209 Pac. 557], relied on by the petitioners, is not controlling. It was there held that a notice to the clerk to prepare a transcript under said section 953a was sufficient as a demand for a transcript even though it did not state that the party giving the notice desired or intended to appeal or that he had appealed from the judgment. The sufficiency of the notice as a notice of appeal was not properly involved in that case.

The petitioners have presented an argument possessed of much merit to the effect that from the standpoint of proper and uniform practice any notice of appeal should contain language definitely stating that the party "appeals" from the judgment or order as contemplated by section 940 of the Code of Civil Procedure as amended in 1921. However persuasive the argument of the petitioners may appear to be, we are confronted with a situation where by a long continued practice, approved by our reviewing courts, a notice and demand substantially the same as the one here involved has been considered a sufficient notice of appeal. Undoubtedly there are many appeals pending in this court and in the District Courts of Appeal taken in reliance on the decisions now sought to be overruled and wherein the power of review depends on such a notice as a prerequisite of appellate jurisdiction. If any change is to be made in the rule it is desirable that it be made

by the legislature, the effect of which would be prospective, and not by the court in overruling prior decisions, the effect of which would be to jeopardize if not destroy appellate jurisdiction in cases so pending on appeal.

The alternative writ is discharged and the peremptory writ is denied.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Spence, J., *pro tem.,* and Knight, J., *pro tem.* concurred.