BISHOP, J.
 

 The only notice of appeal in this case states that it is taken “from the judgment entered in above entitled matter on January 13, 1954.” The action taken by the trial court on that date was to find the defendant guilty and summarily grant probation. Among other terms of the probation, the trial court imposed a fine of $500 and required that the defendant serve the first 10 days of his three-year probationary period in jail. In a very similar situation the court observed in
 
 People
 
 v.
 
 Hartshorn
 
 (1943), 59 Cal.App.2d 285, 286 [138 P.2d 782, 783] : “As no sentence was imposed upon the verdict there is no judgment to appeal from. ...” Plainly, this is so.
 
 (People
 
 v.
 
 Guerrero
 
 (1943), 22 Cal.2d 183, 184 [137 P.2d 21, 22];
 
 People
 
 v.
 
 Jones
 
 (1950), 36 Cal.2d 373, 375 [224 P.2d 353, 354].)
 

 In spite of the fact that in each of the cases just cited the appeal from the nonexistent judgment was dismissed, we have concluded that that should not be our action in this case, but that we should proceed as though the appeal were from the order granting probation. (The problem is before us on an order to show cause why the appeal should not be dismissed.) We may follow the course indicated, without being disrespectful to the courts whose opinions we have cited, because of a change in the statutory law that became effective in 1951. At the time the cited cases were decided, no appeal was authorized from an order granting probation, with the consequence that no appeal would lie from such an order either as the judgment it was not or as the order it was. Sections 1237 and 1466 of the Penal Code were amended in 1951 so that now appeals may be taken from orders granting probation. If, then, our notice of appeal may properly be interpreted as referring to the order granting probation, although it uses the term “judgment,” we have an appeal.
 

 
 *Supp. 847
 
 We have concluded that the notice may and should be construed as an appeal from the order. As stated in
 
 Adams
 
 v.
 
 Talbott
 
 (1942), 20 Cal.2d 415, 417 [126 P.2d 347, 349] : “The fact that the plaintiff’s notice of appeal stated that it was taken ‘from the judgment’ does not compel a conclusion that it was intended as an appeal from the judgment of June 19, 1939, rather than from the order of October 23, 1939. Notices of appeal are liberally construed to effect a hearing on the merits, and the words ‘judgment’ and ‘order’ have been treated as interchangeable.” Again, we read in
 
 Holden
 
 v.
 
 California Emp. etc. Com.
 
 (1950), 101 Cal.App.2d 427, 430 [225 P.2d 634, 636] : “Notices of appeal, of course, are to be liberally construed to permit, if possible, a hearing on the merits. It has been held that a misdescription of an ‘order’ as a ‘judgment’ or vice versa, will not invalidate a notice of appeal.” In
 
 People
 
 v.
 
 Saad
 
 (1951), 105 Cal.App.2d Supp. 851, 853 [234 P.2d 785, 786], quoting from one of our earlier cases, we declared what to us is an obvious truth.- “Notices of appeal should not be construed more strictly in criminal cases than they are in civil cases. ...”
 

 The converse of our situation faced the court in
 
 Meadows
 
 v.
 
 Clark
 
 (1939), 33 Cal.App.2d 24, 29 [90 P.2d 851, 853] ; the notice of appeal referred to “ ‘that order’ entered on the 15th day of August, 1938,” whereas the only “order” entered that day was a “judgment.” It was held that an appeal was taken from the judgment, in spite of the notice’s reference to an “order.” It is equally clear that the appeal in this case from the “judgment” entered on January 13th, must have been intended to be taken from the order made that day, and we are not dismissing the appeal.
 

 Under circumstances closely akin to those of this case, we recently dismissed appeals from nonexistent judgments in
 
 People
 
 v.
 
 Chapman,
 
 Cr. A. 2888;
 
 People
 
 v.
 
 Rotman,
 
 Cr. A. 2897;
 
 People
 
 v.
 
 Timmons,
 
 Cr. A. 2935;
 
 People
 
 v.
 
 Wood,
 
 Cr. A.
 
 3117;
 
 and
 
 People
 
 v.
 
 Buyny,
 
 Cr. A. 3102, when we should have interpreted them as appeals from orders granting probation. Those cases are overruled.
 

 The order to show cause in this case is discharged.
 

 Shaw, P. J., and Stevens, J., concurred.