[Civ. No. 8684.   Third Dist.   Sept. 30, 1954.]

MERLE A. WILBUR et al., Appellants, v. DALE EUGENE CULL, Respondent.

J. Adrian Palmquist and Stevenson, Hauck & Del Pero for Appellants.

Russell A. Harris for Respondent.

VAN DYKE, P. J.—This is a motion to dismiss the appeal. Plaintiffs and appellants brought an action to recover damages for the death of a minor child alleged to have resulted from the negligence of defendants. Trial to a jury resulted in a verdict in favor of defendants and judgment thereon was entered March 30, 1954. Appellants made a motion for a new trial, which motion was denied by an order entered on May 14, 1954. On May 24th following appellants filed in the trial court a document, which document read as follows:

". . . please take notice that Merle A. Wilbur and Marian E. Wilbur, plaintiffs in the above entitled action hereby appeal to the District Court of Appeal, Third Appellate District of the State of California, from that certain order denying plaintiffs' motion for a new trial made and entered in the minutes of the above entitled court on the 14th day of May, 1954."

On the same day appellants also filed a document which read:

"To the Clerk of the Above Entitled Court:

"Please take notice that the plaintiffs in the above entitled action are about to file a Notice of Appeal from an order made and entered in the minutes of the above entitled court on the *30th day of March, 1954* [italics ours]; you are hereby requested to make up and prepare in accordance with the provisions of the rules . . . governing appeals in the Superior Courts, a reporter's transcript in said action of all the proceedings including testimony offered or taken, evidence offered or received, all rulings made, all acts or statements of the courts, also all objections or exceptions of counsel and all matters to which the same relate and all instructions given, modified or refused."

Both these documents were filed within the time for taking an appeal from the judgment rendered in the cause.

Respondent Dale Eugene Cull has moved to dismiss the appeal upon the ground that the recited proceedings vested no jurisdiction in this court to hear the appeal.

█ The document which purported to take an appeal from the order denying a new trial was so specific in its reference to that order and to the date of its entry, that it cannot be given any effect as an appeal from the judgment; and of course since the order denying a mistrial was not an appealable order the document was completely abortive. █ But a different question is presented by the second document filed wherein the would-be appellants declared that they were about to file

a notice of appeal from the order of March 30, 1954, and requested that a transcript supportive of such appeal be made up and prepared. It appears that the only order made by the court upon that day was the judgment rendered in the action and so the language must be construed as being a notice that appellants were about to file a notice of appeal from the judgment. (*Meadows* v. *Clark,* 33 Cal.App.2d 24, 29 [90 P.2d 851].) We quote the following from the opinion in that case:

"The only remaining point raised pertains to the sufficiency of the notice of appeal. Prior to August 15, 1938, an order was made sustaining the demurrer without leave to amend. Subsequently, a judgment in favor of respondent was entered on August 15, 1938. The notice states that the plaintiff 'desires to and does hereby appeal from "that order" entered on the 15th day of August, 1938.' The *judgment* above described was the only *order* entered on that date. We are of the opinion that the notice of appeal sufficiently describes the judgment from which this appeal has been perfected."

■ By a long line of decisions it has been repeatedly held that a notice and demand for transcript, addressed to the clerk of the court, which contains language substantially stating that notice is given that the party filing the document "desires and intends to appeal" or "desires or intends to appeal" or like language is a sufficient notice of appeal to transfer jurisdiction to the appellate court even though no separate or other notice of appeal is filed. (*Mamer* v. *Superior Court,* 15 Cal.2d 569 [103 P.2d 961]; *Purity Springs Water Co.* v. *Redwood Ice Delivery,* 203 Cal. 286 [263 P. 810]; *Anderson* v. *Standard Lbr. Co.,* 60 Cal.App. 445 [213 P. 65]; 3 Cal.Jur.2d, § 181, p. 668.) We are also admonished by the Rules on Appeal that: "A notice of appeal shall be liberally construed in favor of its sufficiency." (Rules on Appeal, rule 1(a).) ■ "Of course, the disposition of the courts is to hear appeals upon their merits and the sections of the code relating to the subject should be liberally construed with a view of promoting such purpose." (*Anderson* v. *Standard Lumber Co., supra,* p. 448, citing *Southern Pac. Co.* v. *Superior Court,* 167 Cal 250 [139 P. 69].)

We are unable to perceive any substantial difference between a notice and demand for transcript which contains language stating that the party filing the document desires and intends, or desires or intends, to appeal, and one which recites that such party "is about to file a notice of appeal." If the first recital is good, even though no notice of appeal is filed, then

we think the second recital is equally effective. The information conveyed by one form is the same as that conveyed by the other.

We hold that the document filed with the clerk of the trial court, informing him that plaintiffs were about to file a notice of appeal from the judgment, that is, the order in the trial court made on March 30, 1954, effectively invoked the appellate jurisdiction of this court, notwithstanding no further documents were filed with respect to an appeal from that judgment.

The motion to dismiss the appeal is denied.

Peek, J., and Schottky, J., concurred.